UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:11-cv-6008 (Judge to be assigned)

MICHELE ANN KOPAS f/k/a
MICHELE ANN BARBARITE

    Plaintiff,
vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC.

    Defendant.
_____/

## COMPLAINT

Plaintiff MICHELE ANN KOPAS f/k/a MICHELE ANN BARBARITE sues defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") and states as follows:

### BACKGROUND AND PARTIES

1.    This is an action for violation of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). As will be explained below, the underlying "debt" at issue here is like the proverbial bad penny, which has returned to plaintiff on the heals of the faltering economy and PORTFOLIO's greed.

2.    Plaintiff is an individual and citizen of the State of Florida. Plaintiff is a "debtor" or "consumer" for purposes of the FDCPA and FCCPA.

3.    Upon information and belief, PORTFOLIO is a Virginia corporation with its principal place of business in Virginia. Upon information and belief, PORTFOLIO is not authorized by the Florida Department of State to conduct business in Florida, and apparently has no registered agent to accept service of process in Florida. PORTFOLIO is an out of state

1

consumer "debt collector" and "consumer collection agency" for purposes of the FDCPA and FCCPA.

4. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

5. Venue is proper in the United States District Court, Southern District of Florida because plaintiff resides here and the acts which form the basis of the complaint occurred here.

## FACTS

6. On or around February 10, 2010, plaintiff received in the mail a dunning letter from PORTFOLIO seeking $1,328.26 for a debt allegedly owed by plaintiff to Capital One bank. The letter is attached as Exhibit "A." Plaintiff does not recall any prior correspondence from PORTFOLIO concerning this account and, upon information and belief, believes this is PORTFOLIO's "initial communication" with plaintiff for purposes of the FDCPA.

7. As can be seen from the letter's envelope, the letter was addressed to "Michele A. Barbarite." "Barbarite" is plaintiff's maiden name. Plaintiff has not used the surname "Barbarite" since February 1993 when she married and became Michele A. Kopas. Based on PORTFOLIO's use of the name Barbarite in the dunning letter, it is likely that the claim at issue here accrued before 1993.

8. In fact, plaintiff believes that this debt was discharged in her 1989 bankruptcy, Case No.: 89-857 RAM (S.D Fla. 1989). Plaintiff is in the process of obtaining her bankruptcy pleadings and schedules from the National Archives and Records Administration (NARA).

9. So on February 19, 2010, undersigned counsel sent PORTFOLIO a letter advising it that the debt was clearly time-barred and the collection improper. The letter is attached as Exhibit "B."

2

10. PORTFOLIO responded by way of a letter dated March 4, 2010 and advised that it "has concluded the investigation regarding your client's dispute and is closing the account." In other words, PORTFOLIO admitted that the collection was improper. The letter is attached as Exhibit "C."

11. This is not the first attempt by a debt collector to collect this old debt. Plaintiff received a dunning letter back in June of 2000 from NCO Financial Systems, Inc. proposing a $617.79 "settlement offer" on this same account (5291071501660490). The NCO letter is attached as Exhibit "D." The NCO letter conclusively demonstrates that the date of default for this account was before June 2000.

12. A failure to pay a credit card pursuant to the terms of the cardholder agreement is a breach of contract, and, accordingly, is governed by the statute of limitations for a breach of contract. Since the date of default here occurred *at the very least* more than 10 years ago (as shown by the NCO letter), and probably occurred more than 17 years ago (as evidenced by PORTFOLIO's use of plaintiff's maiden name), this collection is time-barred under any jurisdiction's statute of limitations.

13. What these letters show is that PORTFOLIO does not conduct any real investigation of its accounts before it commences collection efforts, but simply fires off collection letters hoping that people will be scared and pay. As for debtors in Florida, when PORTFOLIO violates their rights under federal and state law (as it has done here), there is no one in Florida upon whom to serve the complaint.

14. All conditions precedent to this action have occurred, been satisfied, or waived.

15. Plaintiff has retained the law firm of Conrad & Scherer, LLP to represent her in this matter, which is entitled to a reasonable attorney's fee for the representation.

## COUNT I
## VIOLATION OF THE FDCPA

16. Plaintiff re-alleges paragraphs 1 through 15 as if fully stated herein.

17. PORTFOLIO has violated 15 U.S.C. §§ 1692e, 1692f & 1692g by:

   a. Sending an initial communication to plaintiff which did not contain the debt validation notice required by 15 U.S.C. § 1692g(1);

   b. Engaging in collection activities with respect to a time-barred debt, thus misrepresenting the character, amount, or legal status of a debt, and using a false representation and deceptive means to collect a debt; and

   c. Engaging in collection activities with respect to a debt which, upon information and belief, was discharged in bankruptcy in 1989, thus misrepresenting the character, amount, or legal status of a debt, and using a false representation and deceptive means to collect a debt.

WHEREFORE, plaintiff requests judgment in her favor and against PORTFOLIO for actual and statutory damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k, and such other relief as the court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA

18. Plaintiff re-alleges paragraphs 1 through 15 as if fully stated herein.

19. PORTFOLIO has violated § 559.72(9), Fla. Stat. (2010) by:

   a. Claiming, attempting, or threatening to enforce a debt which PORTFOLIO knows or should know is not legitimate because it is time-barred; and

b. Claiming, attempting, or threatening to enforce a debt which PORTFOLIO knows or should know is not legitimate because, upon information and belief, it was discharged in bankruptcy.

WHEREFORE, plaintiff requests judgment in her favor and against PORTFOLIO for actual and statutory damages, attorney's fees, and costs pursuant to § 559.77, Fla. Stat. (2010), and such other relief as the court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 4th day of January, 2011.

**CONRAD & SCHERER, LLP**

Attorneys for plaintiff
633 South Federal Highway
Fort Lauderdale, FL  33301
Telephone:     (954) 462-5500
Facsimile:     (954) 463-9244

By:    s/ Ivan John Kopas
IVAN JOHN KOPAS
Florida Bar No.: 503711
E-mail:  ikopas@adorno.com